**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK J. PELLECCHIA,<br><br>                Plaintiff,<br><br>    v.<br><br>PRINCETON UNIVERSITY,<br><br>                Defendant. | Civil Action No. 23-21828 (GC) (JBD)<br><br>**MEMORANDUM ORDER** |

**Castner, U.S.D.J.**

      **THIS MATTER** comes before the Court upon *pro se* Plaintiff Mark J. Pellecchia's May 16, 2024 Motion for "Injunction from Harassment." (ECF No. 14.)

      In this case, Plaintiff asserts claims against Princeton University for infliction of bodily harm, intentional infliction of emotional distress, negligent infliction of emotional distress, and invasion of privacy. (ECF No. 1 at 10.) Plaintiff alleges that he "gave almost 20 years to Princeton University" and that he was subjected to harassment, much of which "was very subtle," which contributed to a diagnosis of complex post-traumatic stress disorder. (*Id.* at 9.) Plaintiff seeks more than $500,000.00 in compensatory damages and $120,000,000.00 in punitive damages. (ECF No. 7.) Princeton University moved to dismiss the Complaint on December 4, 2023, and that motion is currently pending before the Court. (ECF No. 5.)

      On May 16, 2024, Plaintiff filed a letter motion for an injunction. (ECF No. 14.) Plaintiff lists in the caption a separate case that appears to be pending in the United States District Court for the District of Colorado that involves Plaintiff and Fidelity Brokerage Services. (*Id.* at 1.) In

his motion, Plaintiff writes, among other things, that he has "roughly" $3,000.00 left and that his life is "on hold" and he has "not been able to create meaningful relationships." (*Id.*) Plaintiff indicates that he may be forced to live out of his car and that he is struggling mentally. (*Id.*) Plaintiff writes that he prefers not to take "state aid" because he is concerned that Defendant "may attempt to use it against [him] in some way." (*Id.*) Plaintiff asks for "a temporary hold on any pending or future eviction at [his] current residence until this court matter comes to [a] conclusion." (*Id.*) Plaintiff writes that he is "happy to work with the owners to make this possible." (*Id.*) Plaintiff also asks this Court and the district court in Colorado to see his case as soon as possible, to "prevent . . . [him] from becoming homeless and to continue receiving his life saving medicine." (*Id.* at 2.) Plaintiff has a section of the motion dedicated to the Colorado matter and the impact it has had on his ability to trade on the markets. (*Id.* at 2.)

Based on the Court's review, it does not find that Plaintiff's motion states a plausible basis for the issuance of injunctive relief. *See Hous. & Redevelopment Ins. Exch. v. Fudge*, Civ. No. 22-1565, 2024 WL 1388983, at *4 (M.D. Pa. Mar. 29, 2024) ("When evaluating a motion for preliminary injunctive relief, a court considers four factors: (1) has the moving party established a reasonable likelihood of success on the merits (which need not be more likely than not); (2) is the movant more likely than not to suffer irreparable harm in the absence of preliminary relief; (3) does the balance of equities tip in its favor; and (4) is an injunction in the public interest?" (citation omitted)).

The present action involves Plaintiff's claims that he was subjected to alleged harassment while employed at Princeton University and his request for damages. It does not appear that Plaintiff is currently employed at Princeton or that Princeton is Plaintiff's housing provider. Indeed, Plaintiff lists his address as in Colorado. (ECF No. 14 at 3.) Thus, the Court does not

have jurisdiction to order Plaintiff's housing provider, who is seemingly not a party to this case nor implicated by the claims in this case, to take any action on the record now before the Court.

The Court appreciates Plaintiff's desire for his case to progress, and the Court will decide the pending motion to dismiss in due course.

For the foregoing reasons, and other good cause shown,

**IT IS** on this 21st day of May, 2024, **ORDERED** as follows:

1. Plaintiff's Motion for Injunction (ECF No. 14) is **DENIED** without prejudice.

2. The Clerk is directed to **TERMINATE** the motion pending at ECF No. 14.

3. The Clerk is also directed to mail a copy of this Memorandum Order to Plaintiff via regular United States mail.

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**