UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK J. PELLECCHIA,<br><br>    Plaintiff,<br><br>v.<br><br>PRINCETON UNIVERSITY BOARD OF TRUSTEES,<br><br>    Defendant. | Civ. No. 23-21828 (GC)(JBD)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court by way of a motion filed by *pro se* plaintiff Mark J. Pellecchia for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). [Dkt. 9.] For the reasons set forth below, Pellecchia's motion is denied without prejudice.

**I.    PROCEDURAL HISTORY**

On October 30, 2023, Pellecchia filed a complaint against defendant Princeton University Board of Trustees ("Princeton") in the Superior Court of New Jersey, Mercer County. Pellecchia asserted various tort claims and alleged that Princeton caused him to suffer psychological distress. [Dkt. 1] at 7-19. Princeton removed the action to this Court on November 2, 2023. [Dkt. 1.]

On December 4, 2023, Princeton moved to dismiss Pellecchia's complaint. [Dkt. 5.] After Pellecchia failed to respond timely to that motion, the Court, on January 8, 2024, ordered Pellecchia to submit a response to Princeton's motion by January 26, 2024. [Dkt. 8.] Pellecchia thereafter filed the instant motion to appoint *pro bono* counsel on January 12, 2024 [Dkt. 9], and his opposition to

Princeton's motion to dismiss on January 19, 2024.  [Dkt. 10.]  Princeton filed its reply on January 22, 2024.  [Dkt. 11.]  Princeton's motion to dismiss remains pending before this Court.

On May 16, 2024, Pellecchia filed a motion for "injunction from harassment" [Dkt. 14], which the Court denied on May 21, 2024 for failure to state a plausible basis for injunctive relief.  [Dkt. 15.]  Pellecchia then filed a similar motion for "injunction from e-harassment" on May 31, 2024.  [Dkt. 16.]  The Court denied Pellecchia's second injunction request on June 5, 2024 for the same reason it denied his first.  [Dkt. 18.]

## II. DISCUSSION

Although there is no constitutional right to counsel for litigants in a civil matter, 28 U.S.C. § 1915(e)(1) provides the Court with the discretion to "request an attorney to represent any person unable to afford counsel."  *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citations omitted).  However, "[b]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (citations omitted). Where the Court has determined, as a threshold matter, "that the plaintiff's claim has arguable merit in fact and law," the Court then must consider six additional factors (the "*Tabron* factors") to determine whether a matter warrants the appointment of *pro bono* counsel.  *Id.*; *see also Parham*, 126 F.3d at 457.  The *Tabron* factors are: (1) the ability of the plaintiff "to present his or her case"; (2) the difficulty and complexity of the legal issues in

the matter; (3) the amount of factual investigation required and the plaintiff's ability to pursue that factual investigation, and whether the claims will require extensive discovery and compliance with complex discovery rules; (4) whether the issues will rely heavily on testimony and thus turn on credibility determinations; (5) whether expert witness testimony will be required; and (6) whether the plaintiff can attain and afford to retain counsel. *Tabron*, 6 F.3d at 156; *Parham*, 126 F.3d at 457.

The Court must weigh these factors against the extreme value of a *pro bono* lawyer's time, remaining mindful that "[v]olunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." *Tabron*, 6 F.3d at 157 (second alteration in original) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)). Thus, "appointment of counsel remains a matter of discretion . . . and the determination must be made on a case-by-case basis." *Id.* at 157-58.

As a threshold matter, the Court typically begins by determining whether the claims have "some merit in fact and law." *Id.* at 155. The merits of Pellecchia's claims, however, will be addressed when the Court resolves Princeton's pending motion to dismiss. [Dkt. 5.] Thus, the Court instead proceeds directly to apply the six *Tabron* factors. *See Markferding v. Markferding*, Civ. No. 21-13368 (MCA), 2021 WL 5711591, at *1 (D.N.J. Dec. 1, 2021); *Nadal v. Christie*, Civ. No. 13-5447

3

(RBK), 2013 WL 6331058, at *2-3 (D.N.J. Dec. 4, 2013); *Clayton v. Clement*, Civ. No. 06-5426 (RMB), 2007 WL 1741758, at *2 (D.N.J. June 14, 2007).

The first *Tabron* factor—the plaintiff's ability to present his own case—requires the Court to "consider the plaintiff's education, literacy, prior work experience, and prior litigation experience," as well as whether the plaintiff is able to understand English. *Tabron*, 6 F.3d at 156. Here, as evidenced by his filings, Pellecchia appears to be able to read, write, understand English, and to understand the legal process. For example, Pellecchia has thus far filed a complaint in the Superior Court of New Jersey, an opposition to Princeton's motion to dismiss [Dkt. 10], two motions for injunctive relief, and the instant motion to appoint *pro bono* counsel. [Dkt. 9.] Pellecchia is also the plaintiff in a matter pending before the United States District Court for the District of Colorado. *See* [Dkt. 14] at 2; *Pellecchia v. Fidelity Investments*, Civ. No. 23-635 (PAB) (D. Colo.). Overall, these filings indicate, at least at this stage, that Pellecchia is literate and able to present his case. *See Burt v. Hicks*, Civ. No. 20-19459 (NLH), 2021 WL 3207729, at *3 (D.N.J. July 29, 2021). This factor thus weighs against appointing counsel.

The second *Tabron* factor requires the Court to consider "the difficulty of the particular legal issues," especially where the law is not clear. *Tabron*, 6 F.3d at 156. Pellecchia asserts various tort claims involving alleged harassment by Princeton. *See* [Dkt. 1] at 7-19. At this juncture, the legal issues in this case appear straightforward. Nevertheless, it is too early in the litigation to determine whether they are sufficiently complex to warrant the appointment of *pro bono*

4

counsel. Thus, this factor weighs against the appointment of *pro bono* counsel at this time. *See Jenkins v. D'Amico*, Civ. No. 06-2027 (JAP), 2006 WL 2465414, at *1-2 (D.N.J. Aug. 22, 2006) (noting, where the plaintiffs' complaint was recently filed, that "the factual and legal issues 'have not been tested or developed by the general course of litigation, making [a number of factors] . . . particularly difficult to evaluate,'" and determining that the plaintiffs had not demonstrated the complexity of legal issues, or most of the other *Tabron* factors, at that early stage of the proceedings) (first alteration in original) (quoting *Chatterjee v. Philadelphia Fed'n of Teachers*, 2000 WL 1022979, at *1 (E.D. Pa. July 18, 2000)).

As for the third factor, the Court considers "the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation." *Parham*, 126 F.3d at 457. Here, Pellecchia argues that he requires *pro bono* counsel to assist with, *inter alia*, following procedure, conducting depositions, and "storage of case evidence." [Dkt. 9] at 3. Because this matter is still at the pleading stage and discovery has not yet begun, it is too early to know the extent of investigation required or whether such investigation necessitates assistance of counsel. *See Nadal*, 2013 WL 6331058, at *3 (stating, where the matter had not progressed to discovery and there was a pending motion to dismiss, that "[e]ven if [p]laintiff must engage in discovery, unless and until he is faced with issues that impede his ability to do so, he cannot show that this factor weighs in favor of requesting *pro bono* counsel"). Moreover, as he has not indicated otherwise, Pellecchia presumably has access to the ordinary discovery tools made available to

litigants by the Federal Rules of Civil Procedure. *See Hohsfield v. Staffieri*, Civ. No. 21-19295 (RK), 2024 WL 2956479, at *2 (D.N.J. June 11, 2024); *Archie v. Mercer Cnty. Courthouse*, Civ. No. 19-20976 (ZNQ), 2021 WL 5422289, at *3 (D.N.J. Oct. 26, 2021) (finding that non-incarcerated plaintiff was able to conduct necessary factual investigation through "ordinary discovery methods"). Accordingly, this factor does not weigh in favor of appointing counsel at this time.

Likewise, it is too early in the proceedings to determine the fourth *Tabron* factor, which "will only weigh in favor of the appointment of counsel where the trial is expected to be 'solely a swearing contest.'" *Burt*, 2021 WL 3207729, at *4 (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 505 (3d Cir. 2002)). This factor does not weigh in favor of appointing counsel at this time. *See id.* (determining the fourth factor to be neutral because the court could not answer whether the case would turn on credibility at that time).

Neither does Pellecchia assert, nor can the Court determine, that expert witness testimony will be required, rendering the fifth *Tabron* factor neutral as well.

Finally, as for the sixth *Tabron* factor, whether the plaintiff can attain and afford to retain counsel, Pellecchia asserts in his motion that despite "[m]ultiple calls to several law firms," he has been unable to secure representation, in that the "one firm that was willing to assist was not affordable." [Dkt. 9] at 3. Pellecchia further asserts that he is "under financial attack" and facing impending eviction. [Dkt. 14] at 1-2. Aside from these assertions, Pellecchia has not provided specific

financial information to aid the Court in determining his ability to retain counsel. Thus, this factor does not weigh in favor of appointing *pro bono* counsel.

On the whole, the *Tabron* factors do not warrant appointing counsel at this time. The Court will therefore deny Pellecchia's motion for the appointment of *pro bono* counsel without prejudice. The Court notes that *pro bono* counsel may be appointed at any stage of the litigation. *Tabron*, 6 F.3d at 156. Should any of Pellecchia's claims remain intact after the Court decides Princeton's pending motion to dismiss, Pellecchia may renew his motion for the appointment of *pro bono* counsel, explaining with specificity why the *Tabron* factors weigh in favor of appointing *pro bono* counsel.

### III. CONCLUSION

For the foregoing reasons,

**IT IS** on this 16th day of July, 2024,

**ORDERED** that Pellecchia's motion for the appointment of *pro bono* counsel [Dkt. 9] is DENIED without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order on Pellecchia by regular U.S. mail.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE